IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| STEPHEN SELINGER, | § |
| --- | --- |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:18-CV-035-A |
| | § |
| JOSEPH RUFFALO, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Joseph Ruffalo, to dismiss. Plaintiff, Stephen Selinger, apparently having lost interest in pursuing the action, has failed to respond to the motion, which is ripe for ruling. See Local Civil Rule 7.1(e). The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On January 24, 2018, plaintiff filed his original complaint. Doc.[1] 1. Plaintiff alleges: He resides in Texas and defendant resides in California. Id. ¶ 6. Defendant contacted plaintiff by telephone to request his assistance regarding a trust of which defendant was a beneficiary. Id. ¶ 5. Defendant asked plaintiff to find an attorney to represent defendant in litigation against

---

[1]The "Doc. ___" reference is to the number of the item on the docket in this action.

the trustee of the trust and to manage the litigation on behalf of defendant. Defendant agreed to pay plaintiff 20% of the gross recovery resulting from the litigation. Plaintiff located and recommended an attorney to represent defendant and negotiated the fee and terms of employment. Id. ¶¶ 7-8. The attorney prosecuted the matter to a conclusion, resulting in a $631,472.70 recovery for defendant. Defendant is obligated to pay plaintiff $126,294.54, but has refused to do so. Id. ¶ 10.

Plaintiff sues defendant for breach of contract, quantum meruit, and fraud.

II.

Grounds of the Motion

Defendant urges four grounds in support of his motion. He says that the court lacks personal jurisdiction over him; venue is improper; plaintiff's claims are implausible; and, and service on defendant was untimely or improper.

III.

Applicable Legal Principles

The burden is on plaintiff to establish the court's jurisdiction over defendant. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence

is sufficient. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's evidence, such as affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts are resolved in favor of plaintiff. Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion v. Gillespie, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 425 (5th Cir. 2005). The "minimum contacts" prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. Bullion, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general

4

jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068. As the Supreme Court has recently explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it "essentially at home" in the forum state.[2] Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For example, a corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. Id. at 137. A corporation is not "at home" in every state where it engages in a substantial, continuous, and systematic course of business. Id. at 137-38, 139 n.20. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. Id. at 137.

IV.

Analysis

In light of the Supreme Court's recent cases, plaintiff simply has not made any preliminary showing of either general or specific jurisdiction over defendant in Texas. The complaint

---

[2] In BNSF Ry. Co. v. Tyrrell, the Supreme Court made clear that the Daimler test "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." 137 S. Ct. 1549, 1559 (2017).

itself does not contain any factual allegations to support the existence of personal jurisdiction over defendant in Texas. Rather, it appears that the trust at issue is a Wyoming entity.[3] And, the letter from the trust indicates that defendant had been submitting false rental documentation regarding property in California to obtain trust payments. Doc. 1, Ex. A. The sole allegation regarding Texas contacts is that "[a]ll of the work [plaintiff] performed for [defendant] was performed in Texas, particularly Tarrant County." Id. ¶ 6. Plaintiff does not allege that defendant intended or even knew that the work would be performed here. Plaintiff does not allege that defendant knew plaintiff resided in Texas or that defendant knowingly called or emailed plaintiff in Texas. Plaintiff does not allege, and it does not appear from records of the State Bar of Texas, that the attorney retained to represent defendant is licensed in Texas. Nor is there reason to believe that any of his work was performed here. In sum, all plaintiff has pleaded is that a nonresident contracted with him and that is not enough to establish minimum contacts. Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 433 (5th Cir. 2014).

---

[3]Although an address is not reflected on the letter from the trust, attached as Exhibit A to the complaint, the telephone number listed reflects a Wyoming area code.

The court need not address the remaining grounds of the motion.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed for want of personal jurisdiction.

SIGNED August 6, 2018.

_____
JOHN McBRYDE
United States District Judge